# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE NO. 1:05CV91

| | |
|---|---|
| JOYCE RIGGS, *et. al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | **TEMPORARY RESTRAINING ORDER** |
| ) | |
| DAYCO PRODUCTS, LLC, *et. al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on the Plaintiffs' motion for a temporary restraining order and preliminary injunction. For the reasons stated herein, the temporary restraining order shall issue pending a ruling on the motion for a preliminary injunction.

## PROCEDURAL HISTORY

By jury verdict returned August 3, 2004, in the companion case of *Trull, et. al. v. Dayco Products, L.L.C., et. al.*, Civil Case No. 1:02cv243, it was determined that the members of Subclass B of that class action are entitled to vested, lifetime medical benefits at the level of benefits in existence at the dates of retirement subject to annual insurance premium caps. **Jury Verdict, filed August 3, 2004.** The jury also determined the amount of the annual cap above which the retirees were obligated to make payment for their insurance premiums. There was no issue presented in that companion case involving family insurance coverage. **Memorandum in Support of Plaintiffs' Motion for Preliminary Injunction and for Temporary Restraining**

**Order, filed April 25, 2005, at 7 ("At the time of both the jury and bench trials conducted in Civil Case No. 1:02cv243, Defendant Mark IV had not attempted or threatened to change the way that it applies the cap to premiums for family coverage. Accordingly, no issue was presented to, or decided by, the jury or the Court on that point.").** The purported members of the class in this action are included in Subclass B of the companion case.

As a matter of custom, until April 8, 2005, the Defendants had paid up to 3.5 times the annual insurance premium cap for an individual retiree for those retirees who have family coverage. On April 8, 2005, the Defendants sent a letter to retirees in which it acknowledged that:

> [u]nder your present coverage, Mark IV has allowed a cap amount for family coverage equal to approximately 3.5 times the single coverage cap amounts. This resulted in covered retirees not being charged for the cost of the benefit until the cost exceeded 3.5 times the cap. Effective May 1, 2005, Mark IV will revise the way it applies the cap ... .

**Exhibit 1, attached to Plaintiffs' Memorandum.**

As a result, the retirees were advised that they would be obligated to make monthly premium payments which are significantly, and in some cases, drastically, higher than those being paid prior to the letter.

The certificate of service shows that notice was provided to defense counsel by email and overnight delivery on April 23, 2005. **Certificate of Service attached to Memorandum.**

### STANDARD OF REVIEW

In evaluating a request for a temporary restraining order, the Court considers the same factors that are applied to a motion for a preliminary injunction. *Hoechst Diafoil Company v. Nanya Plastics Corporation*, **174 F.3d 411 (4th Cir. 1999).** Those factors are: (1) the likelihood

of irreparable harm to the Plaintiff if the temporary restraining order is denied; (2) the likelihood of harm to the Defendants if the relief is granted; (3) the likelihood that the Plaintiff will succeed on the merits in the lawsuit; and (4) the public interest. ***East Tennessee Natural Gas Company v. Sage***, 361 F.3d 808 (4th Cir. 2004). A temporary restraining order is an extraordinary remedy which involves the exercise of far-reaching powers which are to be used sparingly by a court. ***The Scotts Company v. United Industries Corporation***, 315 F.3d 264 (4th Cir. 2002). However, it may issue in order to maintain the status quo between the parties when the above factors are met. ***In re Microsoft Corp. Antitrust Litigation***, 333 F.3d 517, 525 (4th Cir. 2003). "A Rule 65 TRO [temporary restraining order] often functions to preserve the status quo until a court can enter a decision on a preliminary injunction application, while a Rule 65 preliminary injunction is often used to maintain the status quo until a court can enter a final decision granting a permanent injunction or some other final relief." ***United States v. DBB, Inc.***, 180 F.2d 1277, 1282 n.5 (11th Cir. 1999); ***Warner Bros., Inc. v. Dae Rim Trading, Inc.***, 877 F.2d 1120, 1124-25 (2nd Cir. 1989) **(The function of a TRO is to maintain the status quo until a full review of the facts and legal arguments is available.).**

## DISCUSSION

The Court has traveled this road several times with these parties in the companion case. Despite the fact that for some years Defendants have paid 3.5 times the premium cap for family coverage, they unilaterally determined as of April 8, 2005 to modify the cap and require the retirees to pay, beginning May 1, 2005, monthly premiums which will most likely exceed their total monthly income. Assuming *arguendo* that the Defendants have a legal ground upon which this conduct is based, the manner in which they have determined to carry out this premium

increase creates an inference that the actual intent is to force the retirees to drop their insurance coverage altogether. That, of course, would benefit only the Defendants. Nor does the Court, based on the parties' conduct in the companion case, entertain any expectation that this issue may be resolved absent judicial intervention.

> [G]eneral facts that either are commonly believed or which courts have specifically held sufficient to show irreparable harm [include] such general facts as (1) most retired union members are not rich, (2) most live on fixed incomes, (3) many will get sick and need medical care, (4) medical care is expensive, (5) medical insurance is, therefore, a necessity, and (6) some retired workers may find it difficult to obtain medical insurance on their own while others can pay for it only out of money that they need for other necessities of life.
>
> ...
> So long as plaintiffs demonstrate[] injury "non-compensable in terms of money damages," they have demonstrated irreparable injury.

***Laforest v. Former Clean Air Holding Co., Inc.*, 376 F.3d 48, 55-56 (2nd Cir. 2004).** "It is hard to imagine a greater harm than losing a chance for potentially life-saving medical treatment." ***Henderson v. Bodine Aluminum, Inc.*, 70 F.3d 958, 961 (8th Cir. 1995);** *accord,* ***Golden v. Kelsey-Hayes Co.*, 73 F.3d 648, 653, 657 (6th Cir. 1996);** ***Mowbray v. Kozlowski*, 725 F.Supp. 888 (W.D.Va. 1987).** The undersigned concludes that the possibility of the termination of medical benefits constitutes a claim of irreparable harm.

By contrast with the benefits which the retirees stand to lose, Dayco/Mark IV has operated without this money since January 2002. And, the evidence at trial in the companion case did not show the company stands on the brink of bankruptcy. To the contrary, a fund is available and currently in use for these benefits.

> In applying th[e] four-factor test, "[t]he irreparable harm to the plaintiff and the harm to the defendant are the two most important factors." Emphasis on the balance of these first two factors results in a sliding scale that demands less of a showing of likelihood of success on the merits when the balance of hardships weighs strongly in favor of the plaintiff, and *vice versa*. [] "if, after balancing [the first] two factors, the balance tips

> decidedly in favor of the plaintiff, a [temporary restraining order] will be granted if the plaintiff has raised questions going to the merits so serious, substantial, difficult and doubtful as to make them fair ground for litigation and thus for more deliberate investigation.

*In re Microsoft*, 333 F.3d at 526.

The issues raised in the ERISA portion of the trial relate directly to the cost of the insurance premiums which Defendants now seeks to increase. If Mark IV failed to fulfill its fiduciary duties to negotiate the best possible premiums, then the Plaintiffs may succeed on this claim. The fact that the Plaintiffs survived the Defendants' summary judgment motion establishes that this cause of action is "fair ground for litigation." This also establishes that it is in the public interest to preserve the status quo pending a ruling on the motion for a preliminary injunction.

## ORDER

**IT IS, THEREFORE, ORDERED** that the proposed class of Plaintiffs is defined as:

> all persons who: (a) retired from the Local 277 bargaining unit on or after May 1, 1995, having met the eligibility requirements for retiree medical insurance; (b) declined any available option to be treated as a "pre-Addendum" retiree, and instead chose to receive coverage under the plan of retiree medical insurance benefits promised in the 1995 Benefits Agreement; and (c) have one or more dependents eligible for coverage pursuant to the terms of the 1995 Benefits Agreement.

**IT IS FURTHER ORDERED** that Plaintiffs' counsel shall move with all due expediency to certify the class.

**IT IS FURTHER ORDERED** that Defendants are hereby **TEMPORARILY RESTRAINED** from pursuing the collection from any member of the proposed class of any insurance premiums in excess of the amounts of premiums collected prior to April 8, 2005, and/or from attaching any consequences, particularly the cancellation or termination of insurance coverage, to any proposed class member's failure to make any such premium payment on or by

the May 1, 2005 deadline.

**IT IS FURTHER ORDERED** that in view of the trials presently scheduled through the end of May 2005, it is the Court's intention to rule on the motion for a preliminary injunction without conducting a hearing, unless the parties provide persuasive authority why such a ruling may not be provided without a hearing.

**IT IS FURTHER ORDERED** that the Defendants may respond to the motion for a preliminary injunction on or before May 13, 2005.

**IT IS FURTHER ORDERED** that this temporary restraining order shall remain in effect until the Court enters its ruling on the motion for a preliminary injunction.

**IT IS FURTHER ORDERED** that the Court finds the Plaintiffs shall post security in the form of a bond in the amount of $100,000.

This Temporary Restraining Order is hereby entered on Tuesday, May 3, 2005 at 1:30 p.m. The Clerk of Court shall serve this Order on the parties by mail and facsimile.

**Signed: May 3, 2005**

Lacy H. Thornburg
United States District Judge