**FILED**
ASHEVILLE, N. C.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA      NOV — 7 2005
ASHEVILLE DIVISION

U.S. DISTRICT COURT
W. DIST. OF N. C.

| | |
|---|---|
| JOYCE RIGGS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Action No. 1:05CV91 |
| v. ) | |
| ) | Class Action |
| DAYCO PRODUCTS, LLC, et al., ) | |
| ) | |
| Defendants ) | |

## PROTECTIVE ORDER

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, protect adequately material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, it is, pursuant to the court's authority under Fed. R. Civ. P. 26(c) and with the consent of the parties,

ORDERED THAT:

1. **General Restriction on Use of Confidential Information.** All stamped confidential documents produced or exchanged in the course of this litigation shall be used only for the purpose of this litigation and shall not be disclosed to any person except as authorized in this Order. Each party to the litigation and all attorneys acting as their counsel (even if they have not made a formal appearance in the action) are fully bound by the terms of this Order.

2. **Definitions.**

   (a)   A "stamped confidential document" means any document which bears the legend on each page (or which shall otherwise have had the legend recorded upon each page in a way that brings it to the attention of a reasonable examiner) "Confidential—[or Confidential-Counsel Only]

Subject to Protective Order in Civil Action No.1:05CV91, United States District Court, Western District of North Carolina."

(b)   For purposes of this order, the term "document" means all written, recorded, or graphic material, whether produced or created by a party or another person, whether produced pursuant to Rule 34, subpoena, by agreement, or otherwise. Interrogatory answers, responses to requests for admission, deposition transcripts and exhibits (designated pursuant to paragraph 10 hereof), pleadings, motions, affidavits, and briefs that quote, summarize, or contain materials entitled to protection may be accorded status as a stamped confidential document, but, to the extent feasible, shall be prepared in such a manner that the confidential information is bound separately from that not entitled to protection.

3. **"Confidential" Information.** Information produced by a party or non-party may be designated "CONFIDENTIAL" only where the person making the designation has a good faith belief that the information to be produced is entitled to protection under Fed. R. Civ. P. 26(c).

4. **"Confidential-Counsel Only" Information.** Information produced by a party may be designated "CONFIDENTIAL-COUNSEL ONLY," only if the party has a good-faith belief that it contains or reflects financial, accounting, pricing, cost data or estimates, customer lists, sales records or projections, sensitive technical data, employee identification, medical data, or similar documents, including information already protected by separate confidentiality provisions, but not including information that has been otherwise previously disclosed to anyone other than defendants' employees or persons retained to act on behalf of defendants, unless it was disclosed subject to restrictions similar to those contained in this Order. Information bearing this designation shall be disclosed only as authorized in paragraph 6.

5. **Permissible Disclosures of "Confidential" Information.**   Stamped CONFIDENTIAL documents may be disclosed to counsel for the parties in this action who are actively engaged in the conduct of this litigation; to the partners, associates, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render

2

Protective Order                                         Joyce Riggs, et al.
                                                                                vs.
                                                              Dayco Products, LLC, et al.
                                                              Civil Case No. 1:05CV91

professional services in the litigation; to the parties in the action; to persons with prior knowledge of the documents or the confidential information contained therein, and their agents; and to court officials involved in this litigation (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the court). Such documents may also be disclosed—

(a) to any person designated by the court in the interest of justice, upon such terms as the court may deem proper; and

(b) to persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify; to outside consultants or experts retained for the purpose of assisting counsel in the litigation; to employees of parties involved solely in one or more aspects of organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling data connected with this action, including the performance of such duties in relation to a computerized litigation support system; and to employees of third-party contractors performing one or more of these functions; provided, however, that in all such cases the individual to whom disclosure is to be made has signed and provided to counsel a Declaration in the form of Exhibit A.

6. **Permissible Disclosures of "Confidential-Counsel Only" Information.**
Information designated as "CONFIDENTIAL-COUNSEL ONLY" shall be produced to, received or reviewed by, only the following: attorneys actively engaged in the conduct of this litigation, their clerical or paralegal employees, and "authorized persons" who have previously executed a "Declaration" in the form of Exhibit A (attached). In addition, medical data or employee identification information may be received or reviewed by the individual retiree or dependent to whom it refers. For purposes of this Order, an authorized person means:

(a) A party or an employee of a party involved in the litigation to whom it is necessary that the information be shown for any related purpose;

(b) A witness to whom it is reasonably necessary to disclose the information in connection with preparing to testify or testifying;

3

Protective Order                                                      Joyce Riggs, et al.
                                                                                vs.
                                                                      Dayco Products, LLC, et al.
                                                                      Civil Case No. 1:05CV91

    (c)    An individual retained by a party or its attorneys in this litigation for the purpose of trial preparation or expert testimony (i.e., experts, consultants or other assistants);

    (d)    Court reporters and persons operating video recording equipment at a deposition;

    (e)    Court officials involved in this litigation, including any special master appointed by the court; and

    (f)    Any other person who is so designated by a written stipulation of the parties or an Order of this Court.

7. **Retention of Signed Declarations.** Signed Declarations shall be retained by counsel for the parties until the conclusion of the litigation, at which time, upon request, they shall be furnished to other counsel of record.

8. **Method for Designating Confidential Information.** A party producing or designating confidential information shall be responsible for marking each page that contains any such materials with the legend "CONFIDENTIAL" or "CONFIDENTIAL-COUNSEL ONLY" and the legend described in paragraph 2(a). A copy of a document bearing the legend shall receive the same level of protection as an original. Within thirty (30) days after entry of this Order, a party may designate information already furnished to be protected by this Order, and each party in possession of such information shall have the responsibility of marking each page, and certifying such marking to the producing party.

9. **Declassification.**

    (a)    A party shall not be required to challenge the propriety of a confidential designation at the time it is made, and a failure to do so shall not preclude a subsequent challenge to it. In the event that a party disagrees at any stage of these proceedings with the confidential designation of a producing party, the parties shall first attempt to resolve this issue on their own before seeking relief from the Court.

4

Protective Order      Joyce Riggs, et al.
vs.
Dayco Products, LLC, et al.
Civil Case No. 1:05CV91

(b) A party (or aggrieved entity permitted by the court to intervene for such purpose) may apply to the court for a ruling that a stamped confidential document (or category of documents) is not entitled to such status and protection. The party or other person that designated the document as confidential shall be given notice of the application and an opportunity to respond. To maintain confidential status, the proponent of confidentiality must show by a preponderance of the evidence that there is good cause for the document to have such protection.

(c) A party or non-party which has designated information as "CONFIDENTIAL" or "CONFIDENTIAL-COUNSEL ONLY" may change or cancel such designation at any time by giving written notice to opposing counsel that clearly identifies the materials that are subject to the change or cancellation and clearly states what (if any) level of protection the designating person intends them to have.

10. **Depositions.** Confidential information disclosed at the deposition of a party (including its present or former officers, directors, employees, agents or retained experts or consultants) or of a witness may be protected by stating on the record that the information is subject to the provisions of this Order. A party may also protect confidential information disclosed at a deposition by serving written notice on all parties of the specific pages and lines of the transcript or exhibits which are intended to be confidential, within fifteen (15) days after receipt of the transcript. Until expiration of the 15-day period, all parties shall treat the entire deposition as confidential pursuant to this Order. Upon receipt of a notice designating specific pages or lines of testimony or exhibits as confidential, each party shall then attach a copy of that notice to the face of the transcript and of each copy in its possession, custody or control.

11. **Prohibited Disclosures.** Notwithstanding any other provision in this Order, no confidential information of any Defendant shall be provided to any competitor of that Defendant or to any union or current officer, representative, employee, or agent of any union, without first receiving the written agreement of that Defendant or an Order of the Court.

5

Protective Order                                 Joyce Riggs, et al.
                                                 vs.
                                                 Dayco Products, LLC, et al.
                                                 Civil Case No. 1:05CV91

12. **<u>Unintended Production Is Not a Waiver.</u>**  The unintentional production of confidential information by a producing party (regardless of whether the information was so designated at the time of disclosure) shall not be deemed a waiver in whole or part of a party's claim of confidentiality, either as to the specific information disclosed or any other related information, as long as the producing party promptly notifies the other parties of the confidential character of the information after discovering the error.  The other party may not be subject to sanctions based upon its use of such information before being notified that it is confidential.

13. **<u>Filing.</u>**  A party filing a document containing confidential information with the Court in this litigation shall use sealed envelope(s) prominently marked with the case caption and the following notation:

**THIS ENVELOPE CONTAINS**

**CONFIDENTIAL MATERIALS**

**TO BE OPENED ONLY AS DIRECTED BY THE COURT**

The Court Clerk is directed to maintain documents filed pursuant to this paragraph in a separate section of the Court file not available to the public.

14. **<u>Confidential Information at Trial or in Other Hearings.</u>**  Information designated as confidential may be used during any hearing in this litigation and may be offered in evidence at trial subject to the court rules and rules of evidence.  A party seeking to use confidential information in a court hearing or at trial shall give the Judge and the opposing party five days advance notice of its intent to use such information so that the Judge may determine the precise manner in which the confidential information is to be received in Court.

6

Protective Order                                                                   Joyce Riggs, et al.
                                                                                         vs.
                                                                            Dayco Products, LLC, et al.
                                                                             Civil Case No. 1:05CV91

**15. Disposition of Confidential Materials upon Conclusion of Litigation.** The provisions of this Order shall not terminate at the conclusion of this litigation or upon termination of the action as to any party. Within 120 days after final conclusion of all aspects of this litigation, a party who has received tangible confidential information shall return it to the producing party, destroy it, or store it in sealed containers that are clearly marked, so that any reasonably observant person would see the legend before opening a container, as follows: "This box/file cabinet (etc.) contains Confidential Materials subject to Protective Order. Only Authorized Persons are Permitted to Open It." Upon request, counsel for the party that has received confidential information shall make certification of compliance to counsel for the producing party with respect to all confidential information and any notes, memoranda, summaries, exhibits or other written or graphic materials prepared from the confidential information produced pursuant to this Order. Upon receiving any request, subpoena or order to produce such confidential information, any party or person retaining or storing such information shall give immediate notice to counsel for the producing party, in order to permit reasonable opportunity for objection to the request, subpoena or order.

**16. No Waiver of Rights.** This Order shall not affect or impair the right of any person or party to assert any applicable privilege to the discovery or use of any information sought in the litigation, or to contest the relevancy, admissibility, or discoverability of the confidential documents and information sought.

**17. Client Consultation.** Nothing in this order shall prevent or otherwise restrict counsel from rendering advice to their clients who are parties in the action and, in the course thereof, relying generally on examination of stamped confidential documents, provided, however, that in rendering such advice and otherwise communicating with such clients, counsel

7

Protective Order

Joyce Riggs, et al.
vs.
Dayco Products, LLC, et al.
Civil Case No. 1:05CV91

shall not make specific disclosure of any information so designated except pursuant to the procedures of paragraphs 5 and 6, including signing of the Declaration (Exhibit A) when it is required by those paragraphs.

18. **Rights Reserved.** This Order shall not preclude any party from enforcing its rights against another party or any third party believed to be violating the rights of such party.

19. **Obligations of Counsel as Officers of the Court.** As officers of this Court, all counsel involved in the litigation shall use their best efforts:

    (a)    to resolve issues relating to the terms of this Order without Court intervention; and

    (b)    to ensure that their respective parties and representatives fully comply with the terms of this Order.

20. **Court Retains Jurisdiction.** This Order shall be applicable to all further proceedings in the litigation, and the Court retains jurisdiction to make any modifications to this Order on its own initiative or upon request of any party.

21. **Relationship to Prior Litigation Between the Parties.** All materials that were produced in connection with the case of Jerry Trull, et al. v. Dayco Products LLC, et al., Civil Action No. 1:02CV243, and designated "CONFIDENTIAL" or "CONFIDENTIAL-COUNSEL ONLY" pursuant to the Protective Order entered in that case on May 10, 2002, shall be treated for all purposes as if they had been produced with the same designations pursuant to this Protective Order, except to the extent that such materials were placed in the public record of the Trull case or the producing party or entity otherwise waived the provisions of the Trull Protective Order in writing with respect to those particular materials. The burden shall be on the

8

Protective Order

Joyce Riggs, et al.
vs.
Dayco Products, LLC, et al.
Civil Case No. 1:05CV91

party asserting waiver to establish that the particular materials were placed in the public record or were subject to a written waiver.

Signed: __11-5-05__, 2005

_____
Lacy H. Thornburg
United States District Judge

## WE STIPULATE TO ENTRY OF THE ABOVE ORDER:

**Attorneys for Defendants**

Dated: __October 14__, 2005    By: _____
VARNUM, RIDDERING, SCHMIDT
& HOWLETT LLP
JOHN W. ALLEN
DAVID E. KHOREY
JOSEPH VOGAN
ANTHONY R. COMDEN
Bridgewater Place
P.O. Box 352
333 Bridge Street, N.W.
Grand Rapids, Michigan 49501-0352
Telephone: (616) 336-6000
Facsimile: (616) 336-7000

**Attorneys for Plaintiffs**

Dated: __Oct. 14__, 2005    By: _____
BREDHOFF & KAISER, P.L.L.C.
Julia Penny Clark
805 Fifteenth Street, N.W., Suite 1000
Washington, DC 20005
Telephone: (202) 842-2600
Facsimile: (202) 842-1888

9

Protective Order                                        Joyce Riggs, et al.
                                                              vs.
                                                   Dayco Products, LLC, et al.
                                                   Civil Case No. 1:05CV91

## EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION

| | |
|---|---|
| JOYCE RIGGS, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> DAYCO PRODUCTS, LLC, et al., ) <br> ) <br> Defendants ) | Civil Action 1:05CV91 <br><br> Class Action |

## DECLARATION REGARDING PROTECTIVE ORDER

1. My name is _____.

2. My address is _____.

3. My present employer is _____.

4. I have received a copy of the Protective Order in this case. I have carefully read and understand the provisions of the Protective Order.

5. I will comply with all of the provisions of the Protective Order.

6. I will hold in confidence, use only for the purposes of this case, and not disclose to anyone not authorized under the Protective Order, any confidential information disclosed to me, including, but not limited to, any notes, memoranda, summaries, exhibits or other written graphic materials prepared from the confidential information.

10

Protective Order

Joyce Riggs, et al. <br> vs. <br> Dayco Products, LLC, et al. <br> Civil Case No. 1:05CV91

7. I shall return all materials containing confidential information which come into my possession, and documents or things which I have prepared from these materials (including all copies) to counsel for the party by whom I am employed or retained.

8. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this case.

**I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT, PURSUANT TO 28 USC 1746.**

Executed on: _____

Signature: _____

Printed Name: _____

Address: _____

_____

11

Protective Order

Joyce Riggs, et al.
vs.
Dayco Products, LLC. et al.
Civil Case No. 1:05CV91