# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL NO. 1:05CV91

| | |
|---|---|
| JOYCE RIGGS, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| Vs. ) | **O R D E R** |
| ) | |
| DAYCO PRODUCTS, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on the Defendants' motion to modify the Court's June 17, 2005, preliminary injunction or, in the alternative, to increase the amount of bond set therein.

On December 21, 2005, the undersigned denied the Defendants' motion to clarify the terms and provisions of that preliminary injunction. In that Order, the undersigned noted that the Defendants had waited almost six months after entry of the injunction to make the motion.

The Defendants moved on December 24, 2005, to modify the injunction, most likely because they had realized that the motion to "clarify" was not an appealable order. ***See, e.g., Jones-El v. Berge*, 374 F.3d 541,**

**544 (7th Cir. 2004) ("[A]n unappealable order is one that interprets or clarifies a prior order and does not create new rights or obligations independently enforceable through a contempt action.").** As noted by the Defendants in this motion:

> Although the Court has already denied the Defendants' motion for "clarification," it is unclear whether the Court was denying the motion because it was framed as a motion for clarification, as opposed to one for modification, or was also rejecting Defendants' argument . . . that the injunction goes beyond the relief sought. Moreover, it is unclear whether the Court's denial of the motion to clarify would be appealable.

**Brief in Support of Defendants' Motion for Modification, filed December 24, 2005, at 1.**

Federal Rule of Civil Procedure 12(f) provides in pertinent part that "upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter." This motion, which clearly could have been filed simultaneously with, or indeed, in lieu of, a motion to clarify is redundant. It is also impertinent, showing a lack of respect for the judicial process. **See, e.g., id., at 2-3 ("The Court is already familiar with the arguments and *should simply rule on them so that Mark IV will be able, if necessary, to take its appeal.*" (emphasis added)); Hildebrandt**

*v. Veneman*, \_\_\_\_ F.R.D. \_\_\_, 2005 WL 3455383 (D.D.C. 2005). "Rule 12(f) reflects the inherent power of the Court to prune down pleadings so as to expedite the administration of justice and to prevent abuse of its process." *McNair v. Monsanto Co.*, 279 F.Supp.2d 1290, 1298 (M.D. Ga. 2003); *Atlantic Richfield Co. v. Ramirez*, 176 F.3d 481 (table), 1999 WL 273241 (9th Cir. 1999) (A court may strike a pleading pursuant to Rule 12(f) without a showing of prejudice and without notice.). It "is a codification of part of the district court's inherent power to manage pending litigation[.]" *Allapattah Servs., Inc. v. Exxon Corp.*, 372 F.Supp.2d 1344, 1371 (S.D. Fla. 2005).

> District court intervention in this fashion accomplishes several objectives. First, it conserves judicial and parajudicial resources and thereby benefits litigants standing in queue waiting to be heard. Second, it curtails the need for satellite litigation under Rule 11, 28 U.S.C. § 1927, or the court's inherent power. Third, it minimizes counsel's and his client's exposure to a criminal contempt citation. Fourth, it limits the potential for post-litigation tort actions for abuse of process or malicious prosecution. Fifth, early *sua sponte* intervention – coupled with the imposition of punitive measures when the use of abusive litigation tactics is deliberate – operates as both a specific and a general deterrent. And, finally, early *sua sponte* intervention will ensure public confidence in the court's ability to administer civil justice.

*Byrne v. Nezhat*, 261 F.3d 1075, 1133-34 (11th Cir. 2001). The Court also notes it has inherent power to strike pleadings. **28 U.S.C. § 1651.**

The Court is familiar with the litigation strategies practiced by the parties, having presided over a companion case. Discovery in this case is set to be completed by March 1, 2006, with dispositive motions to be filed no later than March 15, 2006. The Court finds that controlling extraneous filings will assist the final stages of this litigation.

**IT IS, THEREFORE, ORDERED** that the Defendants' motion for modification and the supporting brief are hereby **STRICKEN** from the record.

**IT IS FURTHER ORDERED** that with the exception of dispositive motions and good faith discovery motions, the parties are prohibited from any other filings absent permission from the Court.

Signed: February 22, 2006

Lacy H. Thornburg
United States District Judge