# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE NO. 1:05CV91

| | |
|---|---|
| JOYCE RIGGS, *et. al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| DAYCO PRODUCTS, LLC, *et. al.*, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**THIS MATTER** is before the Court on several motions by the Defendants which are addressed sequentially.

**Defendants' Motion to Compel Production of Documents, filed March 1, 2006.**

The Defendants requested the Plaintiffs to produce documents exchanged between the Union and Plaintiffs' counsel. Plaintiffs responded that the documents are privileged and produced a privilege log which identified three communications between the Union and counsel.

1

Defendants claim the documents are not covered by attorney-client privilege because the class members are the clients, not the Union.

Plaintiffs now acknowledge that the third document listed on their privilege log should, in fact, be disclosed to the Defendants and have taken steps to do so. As to the other two documents, each contains a detailed summary from Plaintiffs' counsel to the attorney for the Union which contains facts communicated by class members to their counsel. For the same reasons as stated in the companion case of *Trull v. Dayco Products, LLC*, Civil Case No. 1:02cv243, the Court finds the documents are protected by the attorney-client privilege, common interest doctrine, attorney product and opinion work product privileges. **See, Memorandum of Decision, filed February 27, 2005.**

**Defendants' Motion to Compel Answers to Interrogatories and Depositions and/or for Sanctions, filed March 1, 2006.**

The Defendants' motion contains four pages in which counsel harangue about various discovery communications, after which defense counsel notifies the Court that "[f]or purposes of reducing the number of issues to be decided by the Court, Defendants have consented to the

2

[United Health Care] deposition on March 14, 2006, provided that Plaintiffs will provide dates for the Riggs and Rogers depositions." **Defendants' Motion, supra., at 5.** Since the parties have resolved this discovery dispute, the Court is at a loss as to the need to bring the matter to its attention.

In essence, the Defendants' motion centers around their desire to take the depositions of three non-party witnesses, Rosalyn Mills, Jack Hower, and Edgar Walls. Mills and Walls, the Defendants claim, "stand to lose in the event that Plaintiffs are successful in this case." **Id., at 3-4.** Jack Hower is a Union employee who testified in the *Trull* trial as to contract negotiation. As to Hower, Defendants acknowledge that they do not need to depose him if the Plaintiffs do not intend to call him as a witness. Moreover, he was deposed in the companion *Trull* case in addition to having testified at that trial.

The Defendants do not claim that the Plaintiffs have failed to comply with Federal Rule of Civil Procedure 26(a)(1). Their complaint is that the Plaintiffs have refused to provide a witness list of the specific individuals whom they will call at trial as witnesses. And, they complain that this prejudices them because they were relegated to 10 depositions of fact

witnesses by virtue of this Court's Pre-Trial Order and Case Management Plan. That same order, however, provides that neither party is required to file with the Court their witness list until one week prior to trial. Plaintiffs argue that this provision means they are not required to supply a witness list to the Defendants until that time.

At issue is whether the provisions of the Pre-Trial Order and Case Management Plan trump the provisions of Rule 26(a)(3) which requires the exchange of witness lists no later than 30 days prior to trial. Since this case is set for trial in May, that 30 day period is not yet at issue. As a result, the undersigned declines to rule on an issue not yet ripe for determination. The parties are simply cautioned to abide by the provisions of Rule 26, including the requirement to supplement and/or correct disclosures and responses.

As for the Defendants' complaint that they do not know whether they need to depose Hower as a fact witness due to the Plaintiffs' failure to list him as a witness, the Court will make no ruling. At the pre-trial conference, the parties had input as to the number of fact witnesses and actively represented to the Court that their discovery in the companion case would be beneficial in this case. In essence, the Defendants simply had to make

a choice as to the ten individuals they sought to depose.

Moreover, the fact is that the Defendants sought to depose these three individuals without serving a subpoena. The notice of deposition, mailed from Washington, D.C. on February 23, 2006, set the deposition in that city on March 1, 2006, providing with only three business days notice. That is not reasonable notice. **Fed.R.Civ.P. 30(b).**

**Defendants' Second Motion to Compel Interrogatory Responses, filed March 15, 2006.**

The Court has reviewed the interrogatories which the Defendants claim the Plaintiffs have failed to answer. The Court has also reviewed the Plaintiffs' response and concludes that the information from which answers could be formed did not come into the Plaintiffs' possession until mid-February 2006. The Plaintiffs have averred that they are attempting to provide the information to the Defendants as soon as it is received from their clients.

The Court finds that none of the motions has merit and as a result, all three will be denied. The parties specifically requested that mediation be postponed until the close of discovery. As a result, mediation, if it has

been commenced at all, may have only recently begun. In addition, the response to the Defendants' motion for summary judgment is not due, by consent of the parties, until May 4, 2006. The Court finds that a May trial of this case will not be possible and as a result, the case will be continued.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Defendants' Motion to Compel Production of Documents, filed March 1, 2006; Motion to Compel Answers to Interrogatories and Depositions and/or for Sanctions, filed March 1, 2006; and Second Motion to Compel Interrogatory Responses, filed March 15, 2006, are hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this case is hereby **CONTINUED** from the May term of Court in the Asheville Division.

Signed: March 24, 2006

Lacy H. Thornburg
United States District Judge