IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL NO. 1:05CV91

| | |
|---|---|
| JOYCE RIGGS, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| Vs. ) | **O R D E R** |
| ) | |
| DAYCO PRODUCTS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on numerous motions. For the reasons stated herein, the Court *sua sponte* prohibits any further filings.

On December 12, 2005, the undersigned entered a Pretrial Order and Case Management Plan which set the discovery deadline in this case for March 1, 2006, and the deadline for dispositive motions for March 15, 2006. Obviously, those deadlines have passed.

The following motions are pending:

1. The Defendants' motion to vacate the preliminary injunction, filed March 6, 2006, at the direction of the United States Fourth Circuit Court of Appeals;

2. The Defendants' motion for summary judgment, filed March 15, 2006, in accordance with the Pretrial Order;

3. The Defendants' motion to sever Count III, filed March 15, 2006, with the permission of the undersigned;

4. The Plaintiffs' motion to preclude relitigation of issues determined by the jury verdict in the companion case, filed August 9, 2006, with the permission of the undersigned;

5. The Plaintiffs' motion for a protective order, filed August 9, 2006, with the permission of the undersigned; and

6. The Defendants' counter-motion to compel discovery of damages, filed August 28, 2006, without the permission of the undersigned.

By Order entered February 22, 2006, the undersigned noted the looming deadlines stated above and ordered "that with the exception of dispositive motions and good faith discovery motions, the parties are prohibited from any other filings absent permission from the Court." **Order, filed February 22, 2006.** The Defendants' "counter-motion" filed August 28, 2006, was filed without permission and is, therefore, stricken from the record.

The Plaintiffs' motion for a protective order is actually moot. The discovery sought by the Defendants was served on June 29, 2006, over three months after discovery ended. This Court does not become involved with discovery disputes that arise in the context of consensual discovery. As a result, the motion for a protective order is moot since the Plaintiffs are under no obligation to engage in consensual discovery. To the extent that the parties may have been supplementing previous discovery, the same rule applies – this Court will not become involved in discovery disputes after the deadline.

**IT IS, THEREFORE, ORDERED** that the Plaintiffs' motion for a protective order, filed August 9, 2006, is hereby **DENIED** as moot;

**IT IS FURTHER ORDERED** that the Defendants' counter-motion to compel discovery of damages, filed August 28, 2006, is hereby **STRICKEN** from the record; and

**IT IS FURTHER ORDERED** that pending the resolution of the remaining motions noted *infra* neither party may make any filing of any type in this case absent prior permission from this Court.

4

Signed: September 22, 2006

*[signature]*

Lacy H. Thornburg
United States District Judge